UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT NORCROSS,

v.                                        Case No. 8:05-cr-291-T-17MAP
                                                   8:08-cv-165-T-17MAP
UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Robert Norcross' 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence filed by retained counsel. (Doc. cv-1; cr-54)  Subsequently, the Court granted retained counsel's motion to withdraw, and Norcross filed a pro se reply to the response to the motion to vacate   A review of the record demonstrates that, for the following reasons, the motion to vacate must be denied.

PROCEDURAL HISTORY

On July 12, 2005, Norcross was charged by information with conspiring to distribute and to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and possessing a firearm in furtherance of a federal drug trafficking offense, in violation of 18 U.S.C. § 925(c)(1)(A)(I) and 924(c)(1)(D). Doc. cr-15. On August 4, 2005, after entering into a plea agreement with the United States (Doc. cr-17), Norcross pled guilty to both counts, pursuant to a written plea agreement. Doc. cr-50 at 15-16.

In his plea agreement, Norcross waived his right to appeal his sentence either directly or collaterally:

> [T]he defendant . . . expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground except (a) an upward departure by the sentencing judge from the guidelines range determined pursuant to the United States Sentencing Guidelines; (b) a sentence that exceeds the statutory maximum penalty; or (c) a sentence that violates the Constitution[.]

Doc. cr-17 at 12.

On December 20, 2005, the Court sentenced Norcross to 210 months' imprisonment as to Count One and 60 months' imprisonment as to Count Two, to run consecutively, to be followed by concurrent terms of supervised release of 60 months. Doc. 33 (Judgment). Norcross directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, Appeal No. 05-17202-HH.[1]

On appeal, Norcross challenged his sentence on the following grounds: (1) that the District Court erred in sentencing him as a career offender pursuant to section 4B1.2(a)(2) and, (2) that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the United States failed to allege or prove the prior convictions used to enhance his sentence pursuant to section 4B1.2(a)(2). See Attachment 1.

On October 26, 2006, the Eleventh Circuit granted the government's motion and dismissed Norcross' appeal due to the valid appeal waiver contained in the his plea agreement. Doc. cr-53 (USCA Order). See Attachment 2.

On January 23, 2008, Norcross timely filed the instant section 2255 motion raising the following grounds for relief:

a. Norcross' plea is invalid because it was involuntary (Norcross' Ground 2; see Doc. cv-1

---

[1]   Norcross' appellate brief is attached as Attachment 1 to Doc. cv-9. The government's motion to dismiss Norcross' appeal based on a valid appeal waiver is also attached as Attachment 2.

at 10-13);

b. Norcross received ineffective assistance of counsel in matters prior to entering his plea agreement (Norcross' Ground 1, part A; see Doc. cv-1 at 4- 6);

c. Norcross received ineffective assistance of counsel at sentencing (Norcross' Ground 2, part B; see Doc. cv-1 at 6-9);

d. Norcross' rights to due process and confrontation, guaranteed under the Fifth and Sixth Amendments, were violated at sentencing (Norcross' Ground 3; see Doc. cv-1 at 14-15);

e. The Court erred in enhancing Norcross as a career offender (Norcross' Ground 4; see Doc. cv-1 at 16-17); and

f. The cumulative impact of these errors warrants Norcross' conviction to be set aside (Norcross' Ground 5; see Doc. cv-1 at 18).

## DISCUSSION

## COGNIZABILITY OF CHALLENGES TO A GUILTY PLEA

Norcross challenges his conviction claiming his guilty plea was not made knowingly and voluntarily (Ground a), and that he received ineffective assistance of counsel prior to entering his guilty plea (Ground b). However, after a conviction based on a guilty plea has become final, such as in Norcross' case, a petitioner may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the district court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser*, 893 F.2d 1300 (11th Cir. 1990). It is well settled that a "voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Patti*, 337 F.3d 1317, 1320 n. 4 (11th Cir. 2003).

Most errors in a Fed. R. Crim. P. 11 plea colloquy will not support collateral relief.

*United States v. Timmreck*, 441 U.S. 780 (1979); *Holmes v. United States*, 876 F.2d 1545 (failure to advise of mandatory minimum) (11th Cir. 1989); *Lilly v. United States*, 792 F.2d 1541 (11th Cir. 1986) (failure to advise that if court does not accept recommendation as to sentence petitioner will not be entitled to withdraw plea). A defective plea colloquy that would have resulted in vacation of a conviction on direct appeal will not necessarily result in collateral relief; petitioner is confronted with a much higher level of scrutiny on a Section 2255 challenge to a guilty plea. *United States v. Patterson*, 739 F.2d 191, 194-95 (5th Cir. 1984).

In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992) (pre-plea ineffectiveness waived). This waiver includes constitutional claims. *Dermota v. United States*, 895 F.2d 1324 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990). Moreover, guilty pleas foreclose most claims from collateral attack. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Dermota v. United States*, 895 F.2d 1324, 1326 (11th Cir.) (double jeopardy claim waived), *cert. denied*, 498 U.S. 837 (1990).

When Norcross entered his guilty plea, he waived all but jurisdictional claims up to the time of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973). Norcross claims his guilty plea was not knowing or voluntary because his counsel did not provide him with a full understanding of the consequences. He makes the following allegations regarding his counsel's advice regarding the consequences of entering a guilty plea:

a. Norcross would be scored as career offender;

4

b. he would not receive a sentence of more than 15 years, and if he proceeded to trial he faced life imprisonment;

c. any departures Norcross would receive would be deducted from the fifteen years;

d. misadvised him as to the status of his co-defendant, Mark Wathen, (allegedly the main witness against him) could not be impeached;

e. the language in the plea agreement pertaining to the firearm and related 21 U.S.C. § 924 charge allowed him to later appeal that count;

f. misadvised him that he could appeal his sentence if it was unfair or unreasonable;

g. did not advise Norcross that the appeal waiver basically gave counsel immunity from claims of ineffectiveness; and

h. counsel failed to advise Norcross that the appeal waiver prevented him from challenging his conviction collaterally. Doc. cv-1 at 11-13.

Norcross asserts that because of his counsel's errors, he did not enter an informed plea. He claims that had he known his sentence would exceed twenty years or understood the consequences of the appeal waiver, he would not have pled guilty. Doc. cv-1 at 11-13. Although Norcross provides this "laundry list" of allegations, he provides no support whatsoever for his claims.

Contrary to Norcross' assertions, the record clearly shows Norcross entered a knowing and voluntary plea. Doc. cr-50. At his guilty plea hearing,  Norcross informed the Court he had carefully reviewed the plea agreement and discussed it fully with his counsel. Doc. cr-50 at 4, 5. Even if counsel had not correctly advised Norcross of his potential sentence, the Court corrected any misunderstanding at the hearing by reviewing the potential penalties with him directly. The Court informed Norcross he faced a mandatory

minimum sentence of ten years up to a maximum of life imprisonment as to Count One, and a mandatory minimum sentence of five years up to a maximum of life imprisonment as to Count Two, which would run consecutively to Count One. Doc. cr-50 at 10. After completing his review of the penalties with Norcross, the Court asked if he understood or had any questions. Norcross agreed that he understood and he did not have any questions. Doc. cr- 50 at 11. Before the Court concluded with the penalty portion of the colloquy, it explained to Norcross that although his counsel may have given him some predictions as to what she thought the sentence might be, if the sentence were more than he hoped for he would not be able to withdraw his plea. Norcross stated he understood. Doc. cr-50 at 12-13.

Norcross claims his counsel rendered ineffective assistance when she:

a. incorrectly informed Norcross prior to plea that he would not be enhanced as a career offender pursuant to USSG §4B1.1;

b. told him he would not receive more than a sentence of 15 years because counsel failed to perform a sufficient legal analysis;

c. failed to investigate the case prior to the plea and review discovery with Norcross; (Doc. cv-1 at 11-12).

d. misadvised Norcross as to the language in the plea agreement concerning the 18 U.S.C. § 924 charge; (Doc. cv-1 at 12).

e. and misinformed the him regarding the appeal waiver contained in the plea agreement, telling him he would still be able to challenge any constitutional violations. Counsel did not explain the term "collateral challenge."  Doc. cv-1 at 5-6, 11-12. All of these issues are regarding his counsel's pre-plea performance. *Wilson v. United States*, 962 F.2d 996 (11th

6

Cir. 1992). Therefore, because the record is clear that Norcross' plea was entered knowingly and voluntarily, and his claims of ineffective assistance discussed above are pre-plea, his claims as raised in Grounds a and b are not cognizable on collateral attack and should be denied.

APPEAL AND COLLATERAL CHALLENGE WAIVER

Norcross now challenges his conviction claiming he was denied effective assistance of counsel at sentencing (Ground c), and that the Court erred in sentencing him as a career offender (Ground e). A court is required to dismiss a section 2255 motion, without requiring the United States to file an answer, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Moreover, if it is clear from the plea agreement and the Rule 11 colloquy that Norcross knowingly and voluntarily waived his right to collaterally attack his sentence, "that waiver should be enforced without requiring the government to brief the merits of the section 2255 motion." *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (addressing appeal waiver).

The right to collaterally challenge a sentence is statutory and can be waived if done so knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005). For a court to enforce such a waiver, the United States need only demonstrate either (1) that the Court specifically questioned the defendant concerning the waiver during the Fed. R. Crim. P. 11 colloquy or (2) that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993) (appeal waiver).

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham,* 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In particular, if the complaints underlying the ineffective assistance claim were waived by a petitioner's plea agreement, such as in Norcross' case, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic*, 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers). For the reasons explained below, the record plainly demonstrates that Norcross waived his right to collaterally challenge his sentence.

8

Norcross negotiated an agreement with the government regarding the disposition of his criminal charges which included a waiver of his right to challenge his sentence collaterally, with few exceptions. Docs. cr-17 at 12. At his change of plea hearing, the Court specifically advised Norcross about his sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy and confirmed that he understood the consequences of his waiver. Doc. cr-50 at 13. Admittedly the Court's explanation of the did not specifically include that the appeal applied to collateral proceedings as is stated in the written plea agreement. However, during the plea colloquy Norcross stated he had read each page of the entire agreement which contained the precise terms of the appeal waiver, as denoted by his initials, and that he discussed the plea agreement fully with his counsel. Doc. cr-50 at 4, 5. Thus, the record shows that Norcross understood the significance of the waiver.[2] It should also be noted that the Eleventh Circuit upheld the appeal waiver as valid when it dismissed Norcross' direct appeal. Doc. cr-53.

Norcross specifically identifies the following allegations regarding his counsel's performance at sentencing:

a. she failed to challenge Norcross' prior conviction for the sale of cocaine as a qualifying conviction for the career offender statute, alleging the conviction should have been considered only as relevant conduct;

b. she failed to object to the use of a prior conviction for felony battery as a predicate for the career offender enhancement, asserting the conviction is presumptively void because the statute was not in effect at the time the battery occurred;

---

[2]  This Court ruled in favor of the government in a like argument in *United States v. Miller*, 8:07-cv-439-T-17TGW, Doc. cv-11.

c. she failed to seek a greater downward departure after the government had moved for a two-level departure for substantial assistance; and

d. she failed to challenge the Court's ex parte consultation with the government as it appeared to change the "tone, demeanor and attitude" of the court as a result. Doc. cv-1 at 6-9. Because the underlying sentencing issues of Norcross' claims of ineffective assistance of counsel were waived by his plea agreement, these claims are waived as well. *Williams*, 396 F.3d at 1342. Likewise, Norcross' claim that the Court erred in imposing an enhancement as a career offender at sentencing (Doc. cv-1 at 17) is waived by the appeal waiver in his plea agreement.

For this Court to entertain Norcross' challenges to his sentence would be to permit him a collateral challenge in contravention of the plain meaning of his plea agreement and to deny the United States the benefit for which it bargained. *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997).

INEFFECTIVE ASSISTANCE OF COUNSEL

Norcross raises several claims of ineffective assistance of counsel prior to entering his guilty plea and at sentencing (Grounds b and c above). To prevail on a claim of ineffective assistance of trial or appellate counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

The two-pronged Strickland test is applicable to ineffective assistance of counsel

claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a defendant claiming ineffective assistance of counsel during the plea process must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* The best way to evaluate whether there is a reasonable probability a petitioner would have insisted on going to trial is to determine whether petitioner had available a defense that would likely have borne fruit at trial. *Upshaw v. United States*, 2008 WL 638261 at *1 (M.D. Fla., Mar. 5, 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

Norcross' ineffective assistance of counsel claims are vague, conclusory, and

speculative. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991). Nowhere does counsel for Norcross mention the *Strickland* or *Hill* standards, and although Norcross states that "But for counsel's lack of advice and incorrect advice, Defendant would not have pled guilty pursuant to the plea agreement,"  Norcross does not unequivocally state that he would not have pled guilty and proceeded to trial.  Nowhere does Norcross allege that he had a defense that would have "borne fruit at trial."

Norcross asserts his counsel provided ineffective assistance prior to Norcross' entering his guilty plea and at sentencing (Grounds b and c). These claims are not cognizable on collateral attack and are waived by his guilty plea. Norcross merely lists his allegations and provides no support to substantiate his claims. Norcross has not shown his counsel to be ineffective in any manner. In sum, Norcross' counsel did not render constitutionally ineffective assistance with respect to Norcross' plea or sentence, and Norcross did not suffer any prejudice from counsel's actions. Norcross has failed to meet both *Strickland* prongs, and his ineffective assistance of counsel claims have no merit.

PROCEDURAL DEFAULT

Norcross claims his rights to due process and confrontation, guaranteed under the Fifth and Sixth Amendments, were violated at sentencing (Ground d).  Norcross failed to raise this claim in the District Court prior to judgment in his criminal case and on direct appeal in his criminal case. Thus, Norcross is not entitled to relief because he has procedurally defaulted his claim. Ordinarily, claims that  previously were available and were not raised on direct appeal are procedurally defaulted and barred from consideration on collateral review absent a showing of cause and actual prejudice or actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S.

152, 166 (1982); *McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001), *cert. denied,* 122 S.Ct. 2362 (2002).

In order to show sufficient cause for the procedural default, a petitioner must present a showing of some external impediment preventing counsel from constructing or raising the claim. *Weeks v. Jones*, 52 F.3d 1559, 1561 (11th Cir.), *cert. denied*, 115 S. Ct. 1841 (1995) (citing *McCleskey v. Zant*, 499 U.S. 467 (1991)). The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998). Nor do ordinary mistakes of counsel constitute cognizable cause. *See Murray v. Carrier*, 477 U.S. 478, 487-88 (1986). In this case, Norcross claims his cause for not raising this issue previously is that his counsel was ineffective. However, even if Norcross could show cause, he fails to demonstrate any prejudice resulting from his failure.

"Actual prejudice" is prejudice that impacts constitutional or fundamental rights. *United States v. Frady*, 456 U.S. 152, 166 (1982) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)). The burden of demonstrating actual prejudice is greater than the burden of demonstrating plain error. *Id.*

Norcross makes a brief argument that his rights to due process and confrontation were violated when the Court held an *ex parte* sidebar conference during the sentencing hearing. Norcross identifies no cause or external impediment for his failure to raise this issue previously. Norcross claims that after this sidebar conference was held "witnesses will testify that the court's tone, demeanor and attitude toward the Defendant completely changed." Doc. cv-1 at 15. Norcross does not name such witnesses or provide affidavits as to what their alleged testimony would be. A review of the transcript of the sidebar

13

conference reveals nothing that would impede Norcross' rights. There was merely a discussion of Norcross' cooperation up to that point and his allegations of housing problems at the Citrus County Jail. The government informed the Court Norcross had not provided any cooperation to warrant substantial assistance at that time and was unaware of any complaints of the provisions at Citrus County. Doc. cr-56. Therefore, because Norcross has failed to demonstrate any cause or prejudice resulting from his failure to raise this issue previously, his claim is procedurally barred, without merit, and does not warrant habeas relief.

CUMULATIVE ERROR

Norcross claims the cumulative errors presented in his motion, and addressed herein, warrant relief. (Ground f). Doc. cv-1 at 18. However, Norcross is unable to demonstrate any error. Because Norcross does not demonstrate error in connection with his individual complaints, as fully discussed above, he certainly cannot demonstrated cumulative error. *See United States v. Taylor*, 417 F.3d 1176, 1183 (11th Cir.), *cert. denied,* 126 S. Ct. 768 (2005) ("There being no error in any of the district court's rulings, the argument that cumulative trial error requires that this Court reverse [the defendant]'s convictions is without merit."). Even if this Court were to conclude that errors were made as Norcross alleges, Norcross' substantial rights would not have been affected because properly admitted evidence proved his guilt of the charged offenses. *See U.S. v. Adams,* 74 F.3d 1093, 1099-100 (11th Cir. 1996).

Norcross is not entitled to habeas relief on this ground.

**Accordingly, the Court orders:**

That Norcross' motion to vacate (Doc. cv-1; cr-54) is denied.  The Clerk is directed

14

to enter judgment against Norcross in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 2, 2008.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Robert Norcross